**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Frank GARCIA, Defendant–Appellee.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank GARCIA, Defendant–Appellant.**

**Nos. 88–5056, 88–5070.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 4, 1988.

Decided Feb. 21, 1989.

William G. Otis, Asst. U.S. Atty. (Henry E. Hudson, U.S. Atty., on brief), for plaintiff-appellant.

David Thomas Williams (William B. Cummings, on brief), for defendant-appellee.

Before WINTER, Chief Judge, and WIDENER and SPROUSE, Circuit Judges.

WIDENER, Circuit Judge:

Frank Garcia was convicted, following a jury trial, of using a deadly or dangerous weapon in resisting a federal officer, in violation of 18 U.S.C. §§ 111 and 1114; transporting a stolen vehicle in interstate commerce, in violation of 18 U.S.C. §§ 2312 and 2; and taking or using a vehicle without the consent of its owner, in violation of 18 U.S.C. § 13 (assimilating 1950 Code of Virginia 18.2–102).[1]

After the verdict, Garcia moved for a judgment of acquittal or for a new trial. He argued that there was insufficient evidence to support the jury's determination that he used or intended to use a deadly or dangerous weapon. The court agreed and set aside the verdict, but then ordered Garcia's conviction on the lesser charge of resisting a federal officer without the use of a deadly or dangerous weapon.[2] Garcia was sentenced to 10 months' imprisonment on each of the three charges, with the sentences to run consecutively.

The government appeals, contending that the district court erred in setting aside the jury's verdict on the use of a dangerous weapon in resisting an officer. Garcia cross-appeals, contending that the court erred in sentencing and in denying his motion for acquittal or for a new trial on the charge of unauthorized taking or use of a motor vehicle.

We agree with the government that the district court erred in setting aside the jury's verdict on the charge of resisting a federal officer with a deadly or dangerous weapon. The same standard applies in reviewing the government's appeal of a judgment of acquittal entered after a jury verdict of guilty as would apply in a defendant's appeal of a jury conviction. *United States v. Steed,* 674 F.2d 284, 286 (4th Cir.1982) (en banc). A jury's verdict must be left undisturbed "if there is substantial evidence, taking the view most favorable to the Government, to support it." *Steed,* 674 F.2d at 286, quoting *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). We believe there was ample evidence to sustain the jury's verdict in this case.

The evidence at trial showed that on December 31, 1987 Garcia took someone else's pizza delivery vehicle from the Tyson's Corner Marriott in Fairfax County, Virginia. Sergeant Gregory Higgins of the U.S. Park Police testified that at about 10:30 that night he and another officer riding with him noticed Garcia driving the car southbound on the George Washington Memorial Parkway[3] near Rosslyn, Virginia. Higgins said that he decided to pull Garcia over because he suspected that he was intoxicated after he saw the car slide on the grass that borders the parkway and also interfere with other cars which were changing lanes. When Higgins activated the police cruiser's overhead lights, flashing high-beams and siren, Garcia increased his speed from 25 miles per hour to roughly 40 or 45. Garcia then made a sharp turn onto the exit for the Key Bridge without signaling the turn.

On the exit ramp, Higgins pulled the police cruiser alongside the car. As he did so, Garcia made a sudden movement toward the side of Higgins' cruiser. Higgins had to hit his brakes and swerve to avoid being struck. Again, Higgins pulled the cruiser alongside the car. And again, Garcia jerked the car hard toward the cruiser.

Higgins testified that Garcia then looked directly at Higgins, making eye contact. Garcia then jerked the car in the direction

1. Code of Virginia § 18.2–102 reads:

   Any person who shall take, drive or use any ... vehicle ... not his own, without the consent of the owner thereof and in the absence of the owner, and with intent temporarily to deprive the owner thereof of his possession thereof, without intent to steal the same, shall be guilty of a Class 6 felony....

2. Because we are of opinion the verdict was supported by the evidence, we do not reach the question of whether or not the district court could order conviction of a lesser charge when the lesser charge had not been submitted to the jury. The court-ordered conviction of the lesser charge necessarily is vacated by this decision.

3. The Parkway is under the special maritime and territorial jurisdiction of the United States.

of the cruiser for a third time. To avoid being hit, the officers had to swerve one and one-half lanes to the left, into the lanes carrying oncoming traffic. After which, Garcia accelerated across the Key Bridge at about 60 miles per hour. Garcia later was arrested after abandoning the car in the District of Columbia.

■ Garcia contends that the movements of the car amounted to little more than weaving and were not sufficient evidence to sustain the jury verdict of resisting a federal officer with a deadly or dangerous weapon. We disagree. Even if the evidence "can support varying reasonable interpretations, the jury is entitled to choose among them," *United States v. Arruda*, 715 F.2d 671, 681 (1st Cir.1983). While the theory of weaving is a plausible hypothesis, the jury was not required to accept it. The jury was entitled to reject the theory consistent with innocence and accept the one consistent with guilt, so long as there was substantial evidence for its choice. *United States v. George*, 568 F.2d 1064, 1069 (4th Cir.1978). Garcia's argument that the stolen car was moving at speeds too slow for it to have been found to be a deadly weapon during its swerves toward the cruiser is similarly unavailing. Given the testimony that the officers were forced to veer into lanes of oncoming traffic, potentially exposing themselves to a deadly head-on collision, we believe that the jury reasonably could have interpreted this use of the car as deadly or dangerous under 18 U.S.C. § 111.

Because we find that the government presented sufficient evidence to sustain the jury's verdict, we reverse the district court.

In sentencing Garcia, the district court correctly used the federal sentencing guideline (Guideline 2A2.2) for aggravated assault, but it discounted the applicable guideline score based on its holding which set aside the jury's verdict. Accordingly, we remand for re-sentencing consistent with our upholding of the guilty verdict on the charge of use of a dangerous weapon.[4]

■ Garcia contends that his conviction on the unauthorized taking and use of a

vehicle under Virginia Code § 18.2–102 should be reversed because insufficient evidence was presented at trial to sustain the jury's verdict. Garcia bases his argument on the theory that the evidence at trial proved larceny, not unauthorized use. The argument goes that the evidence did not show that he only intended to temporarily deprive the owner of the use of his car; rather, he argues, any intent shown was that Garcia had intended to deprive permanently the owner of his car. This argument has little or no validity in view of the Virginia Supreme Court's decision that unauthorized use is a lesser included offense of larceny. *Hewitt v. Virginia*, 213 Va. 605, 194 S.E.2d 893, 894 (1973). And, in any event, the jury may well have simply refused to believe that any man who took a car with a pizza delivery sign bolted or attached to the roof intended to keep the car permanently.

The judgment of the district court is affirmed in part, reversed in part, and remanded.

AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.

---

**4.** The government also says that the sentences should have been longer and concurrent, a ques-

tion we do not reach but which the district court may wish to consider on remand.