972 F.2d 342
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellant,
v.
Dina CORRAL, Defendant-Appellee.
 No. 91-5662.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 6, 1992
Decided: July 31, 1992
 
 William Graham Otis, Senior Litigation Counsel, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant. Glen Allen Trimper, Alexandria, Virginia, for Appellee.
 Richard Cullen, United States Attorney, Alexandria, Virginia, for Appellant.
 Before RUSSELL and HALL, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 After the jury returned a guilty verdict against Appellee Dina Corral on charges that she conspired to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988), the district court granted Corral's motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) on June 21, 1991. The Government appeals the district court's Rule 29 order, contending that the evidence shows Corral was an active, though minor, participant in a cocaine distribution conspiracy operated primarily by co-conspirator Jose Ferreira and that the district court erred in ruling to the contrary in Corral's Rule 29 motion. We conclude that the evidence was sufficient to support the jury's verdict finding Corral guilty as a participant in the conspiracy, and, therefore, reverse the district court's Rule 29 order.
 
 I.
 
 2
 We briefly summarize several points of evidence which support the jury's finding that Appellee Corral was engaged in a cocaine distribution conspiracy. Government informant Burnice Parker, who made several undercover purchases of cocaine in Virginia for the Arlington County Police Department, testified at trial that he called a telephone beeper number which principal conspirator Jose Ferreira had provided him. Parker testified that Appellee Dina Corral responded to his call. When Parker informed Corral that he wished to buy a certain quantity of cocaine, Parker stated, Corral instructed him to come by her apartment so that Parker could see another individual who would provide him with the drug. According to Parker, he proceeded to an apartment at 934 South Buchanan Street, where Corral resided, and the Appellee introduced him to another co-conspirator, Julio Delao. Delao then met with Parker immediately behind the apartment, and sold him cocaine in the desired quantity.
 
 
 3
 Detective Joseph Fernandez of the Arlington County Police Department also gave testimony regarding a controlled purchase of cocaine on April 12, 1989 which tended to confirm Parker's account of the drug transaction. Fernandez testified that he transported Parker to a location near Corral's apartment, and then searched Parker for contraband. After determining that Parker was not in possession of any drugs, Fernandez gave Parker $250, and Parker exited Fernandez's vehicle. Parker returned to the vehicle shortly thereafter with a substance subsequently identified as cocaine.
 
 
 4
 After exiting Fernandez's vehicle, Parker came in sight of another Arlington County Police Department Detective, Michael Rudy, who was maintaining surveillance of the 934 South Buchanan Street apartment. Rudy testified that he witnessed co-conspirator Julio Delao conduct a drug sale immediately outside the apartment. Upon later executing a search warrant for the apartment of 934 South Buchanan Street, Rudy discovered Delao and Pedro Silverio, who was ultimately identified as another co-conspirator, inside, along with a pager, $2,000 in cash, and a drug customer phone book.
 
 
 5
 Another co-conspirator, Mildred Vientidos, testified that Corral would give Delao messages from cocaine customers who telephoned the 934 South Buchanan Street apartment. However, Vientidos also stated that Corral "never worked" for the principal conspirator Jose Ferreira, though "[s]he used to live with him." (J.A. at 506.) Nonetheless, Vientidos stated on direct examination that Ferreira would sometimes give Corral "money during the week" in amounts which Vientidos estimated at about $400. (J.A. at 507.) Vientidos also confirmed that Corral assisted co-conspirator Pedro Silverio in obtaining the Buchanan Street apartment by executing the apartment lease under the names Ondina and Pedro Samuels, (see J.A. at 504, 782), aliases for Corral and Silverio, and that Corral provided Silverio with a pager.
 
 
 6
 Jeff Will, one of the conspiracy's customers, testified that he traded a Honda Civic to principal conspirator Ferreira in exchange for cocaine. Virginia Department of Motor Vehicles records show that Corral registered this Honda in her own name in January of 1989.
 
 II.
 
 7
 Though the evidence of Corral's participation in the cocaine distribution conspiracy may not have been the strongest, we are persuaded that this evidence was more than sufficient to support the jury's verdict, and that the district court therefore erred in granting Corral's Rule 29(c) motion on the grounds that there was insufficient evidence to support a guilty verdict.
 
 
 8
 This circuit has previously stated, "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982); see also United States v. Parodi, 703 F.2d 768, 790 (stating that test for the sufficiency of the evidence on a motion for acquittal is whether, viewing the evidence in light most favorable to the Government, a reasonable man might find the evidence inconsistent with every reasonable hypothesis of innocence). When viewed in the light most favorable to the Government, the evidence recounted above is easily susceptible of the conclusion that Corral engaged in a conspiracy to distribute cocaine. The crime of conspiracy to distribute illegal drugs or narcotics requires that the defendant knew the conspiracy's purpose and took some action indicating his other participation in the conspiracy. United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.), cert. denied, 484 U.S. 834 (1987). Thus, in Crockett, this court ruled the evidence was sufficient to support a jury's guilty verdict on charges the defendant conspired to distribute drugs in violation of 21 U.S.C. § 846 where the defendant was present at drug transactions, was present when coconspirators discussed the details of future drug transactions, left telephone messages with a co-conspirator on behalf of a principal conspirator, and received gifts of clothes and meals from the principal conspirators. 813 F.2d at 1316.
 
 
 9
 Similarly, we conclude that Parker's testimony that Corral, when informed that Parker wished to purchase cocaine, instructed Parker to come by the Buchanan Street apartment so that he might buy the drug from co-conspirator Delao constitutes evidence from which the jury might reasonably find that Corral knew of the drug distribution conspiracy. We further conclude that Vientidos' testimony that Corral relayed phone messages from cocaine customers to co-conspirator Delao, received cash from principal conspirator Ferreira, and assisted co-conspirator Silverio in obtaining the apartment under an alias, and Will's testimony that he bartered the Honda which Corral registered in her name to Ferreira in exchange for cocaine, constitutes evidence from which a jury could reasonably find that Corral participated in the conspiracy. In sum, the evidence supports the view that at least two members of the conspiracy, Delao and Silverio, used the apartment where Corral resided as a base for the distribution of cocaine with both the knowledge and the assistance of the Appellant. Given that the testimony of Detectives Fernandez and Rudy largely confirmed the testimony of informant Parker, and that Parker's testimony confirmed portions of Vientidos' testimony, we have little difficulty concluding that there was substantial evidence which, within the meaning of Crockett, 813 F.2d at 1316, would warrant a jury finding that Corral was guilty beyond a reasonable doubt of violating 21 U.S.C. § 846.
 
 
 10
 We are undisturbed in this conclusion by the fact that the evidence at trial may also have allowed a reasonable jury to find Corral innocent. "Even if the evidence 'can support varying reasonable interpretations, the jury is entitled to choose among them.' " United States v. Garcia, 868 F.2d 114, 116 (4th Cir. 1988), cert. denied, 490 U.S. 1094 (1989) (quoting United States v. Arruda, 715 F.2d 671, 681 (1st Cir. 1983)). "The jury [i]s entitled to reject the theory consistent with innocence and accept the one consistent with guilt so long as there is substantial evidence for its choice." 868 F.2d at 116.
 
 
 11
 For the foregoing reasons the district court's Rule 29 order is
 
 
 12
 REVERSED.