UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4373

CEDRIC LEE TAYLOR, SR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Samuel G. Wilson, Chief District Judge.
(CR-98-70039)

Submitted: November 16, 1999

Decided: January 6, 2000

Before WIDENER and MURNAGHAN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

Philip B. Baker, SANZONE & BAKER, P.C., Lynchburg, Virginia,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Jennie
L. M. Waering, Assistant United States Attorney, Roanoke, Virginia;
Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cedric Lee Taylor, Sr., appeals his convictions for eight counts of embezzlement of United States mail by a Postal Service employee in violation of 18 U.S.C. § 1709 (1994). On appeal, Taylor contends that: (1) the evidence was insufficient to sustain the convictions; (2) there was a variance between the facts at trial and the indictment; and (3) the investigator violated Taylor's Miranda * rights by asking his consent to review his financial records after Taylor said that he wanted to remain silent. We affirm.

We review challenges to the sufficiency of the evidence by viewing the evidence at trial in the light most favorable to the prosecution, including all reasonable inferences that can be drawn from the evidence. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992). The Government is afforded all reasonable inferences which flow from the circumstantial and direct evidence brought before the district court. See United States v. Burgos, 94 F.3d 849, 858, 863 (4th Cir. 1996) (en banc). Moreover, "circumstantial evidence is treated no differently than direct evidence, and may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989). If substantial evidence exists to support the conviction, the verdict must be sustained. See Glasser , 315 U.S. at 80.

Considering the evidence as a whole, we find there was substantial evidence to sustain the convictions. Taylor had the opportunity to commit the offenses and made several unexplained bank deposits and large cash purchases shortly after mail pouches containing money dis-

_____

*Miranda v. Arizona, 384 U.S. 436 (1966).

2

appeared. Plus, he was observed by postal inspectors taking control of a package containing money and opening it up without permission.

Even though the Government built its case almost entirely upon circumstantial evidence, it did not have to eliminate every other inference that could be drawn from the evidence. See Holland v. United States, 348 U.S. 121, 139-40 (1954). "Even if the evidence can support varying reasonable interpretations, the jury is entitled to choose among them." United States v. Garcia, 868 F.2d 114, 116 (4th Cir. 1989) (internal quotation omitted). "The jury[i]s entitled to reject the theory consistent with innocence and accept the one consistent with guilt, so long as there [i]s substantial evidence for its choice." Id.

We also find that there was no "fatal" variance between the facts proven at trial and the crimes charged in the indictment. Taylor was convicted of the crimes contained in the indictment. See United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). We also find that he was not prejudiced by any variance between the trial facts and the indictment. Taylor was not surprised by the evidence, nor does he face a second prosecution based upon the same conduct. See id.

Finally, we find that there was no Miranda violation when, after Taylor informed investigators that he was not responding to any more questions, investigators asked him to consent to a search of his financial records. Asking for and receiving consent was not part of the interrogation because giving consent is not a self-incriminating statement. See United States v. McClellan, 165 F.3d 535, 545 (7th Cir. 1999), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3706 (U.S. May 17, 1999) (No. 98-8844); see also United States v. Hidalgo, 7 F.3d 1566, 1568 (11th Cir. 1993); United States v. Rodriguez-Garcia, 983 F.2d 1563, 1568 (10th Cir. 1993) (collecting cases).

Accordingly, we affirm Taylor's convictions and sentences. Because the jury was instructed only on embezzlement of United States mail by a postal employee and not on stealing by a postal employee, we modify the district court's judgment to state that the nature of each conviction was "Embezzlement of U.S. Mail by an Employee." See 28 U.S.C. § 2106 (1994). We dispense with oral argument because the facts and legal contentions are adequately pre-

3

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

4