<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4384

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDREW BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. James C. Dever III, District Judge. (2:05-cr-00017-D)

Submitted: May 30, 2007          Decided: July 2, 2007

Before WILLIAMS, Chief Judge, and NIEMEYER and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert J. McAfee, McAFEE LAW, P.A., New Bern, North Carolina, for Appellant. George E. B. Holding, Acting United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Brown appeals his conviction by a jury of one count of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a) (2000).

Brown first argues that the evidence was insufficient to support the jury's verdict in two respects.  First, he asserts that the evidence did not prove his identity as the robber.  Second, he argues that the evidence was insufficient to prove that the bank's deposits were federally insured on the day of the robbery.

We review de novo the district court's denial of Brown's motion for judgment of acquittal based on insufficient evidence. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001).  The verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942).  "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).  In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved contradictions in testimony in favor of the Government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

With these standards in mind, we have reviewed the record and conclude that the evidence was sufficient. There was substantial circumstantial evidence tying Brown to the robbery. "The jury [is] entitled to reject the theory consistent with innocence and accept the one consistent with guilt so long as there [is] substantial evidence for its choice." United States v. Garcia, 868 F.2d 114, 116 (4th Cir. 1989). Further, testimony from a bank employee that the deposits are FDIC insured was sufficient evidence from which the jury could reasonably infer that the bank was insured at the time of the robbery. See United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

Brown challenges two evidentiary rulings by the district court. First, he argues that the court erred in admitting testimony from a bank employee that the bank's deposits are insured by the FDIC. Second, he argues that the court erred in admitting testimony from a police detective that serial numbers on some of the currency found in Brown's home matched recorded serial numbers on the bank's "bait money" list. We review the admission of evidence for an abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005).

After reviewing the record, the district court's ruling, and the parties' briefs on appeal, we conclude that the district court did not err. Both witnesses testified as to their personal knowledge, rationally based on their perceptions. Brown was free

to cross-examine them on the basis for their testimony, but the jury was free to accept it as credible.  We cannot say that the court "acted arbitrarily or irrationally in admitting evidence." <u>United States v. Williams</u>, 445 F.3d 724, 732 (4th Cir.), <u>cert. denied</u>, 127 S. Ct. 314 (2006).

Accordingly, we affirm Brown's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>