**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4748

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER K. MULLINS, a/k/a Christopher Eric
Mullins,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston. John T. Copenhaver, Jr.,
District Judge. (2:04-cr-00011)

Submitted: January 11, 2008          Decided: February 7, 2008

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin L. Bailey, Rodney A. Smith, BAILEY & GLASSER, LLP,
Charleston, West Virginia, for Appellant. Charles T. Miller,
United States Attorney, Monica K. Schwartz, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher K. Mullins appeals his convictions by a jury for aggravated bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d) (2000), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2000). The district court sentenced him to a total term of 135 months' imprisonment. Mullins appeals his conviction and sentence, asserting that the district court abused its discretion in making certain evidentiary rulings and in denying his motions for a continuance, for a judgment of acquittal, and for a new trial. We affirm.

I.

Viewed in the light most favorable to the Government, see United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998), the evidence adduced at trial established the following. The morning of September 15, 2003, a masked, white-skinned man entered the Comfort, West Virginia branch of Whitesville State Bank. He pointed a small firearm at one of the bank employees and demanded that she fill a duffel bag with money. The employee filled the duffel bag with between $9,000 and $12,000; she also slipped in a red dye pack designed to explode within minutes or seconds of crossing the bank's threshold. The assailant left the bank with

the filled duffel bag and entered a black Chevy Blazer that had damage to the left front bumper and tow hook.

Law enforcement officials responding to the crime traced muddy tire tracks to a black Chevy Blazer that had been set on fire along a service road.  Paint chip analysis revealed the Blazer had five layers of paint — two base gray/green layers, a red layer, a clear coat layer, and a top, black layer.  A database search of the partial VIN number from the Blazer led to a red Blazer that had been reported stolen by Timothy Chambers.  Witness testimony showed that approximately three years prior to the robbery Mullins acquired a red Blazer from Chambers.  At some point while Mullins owned the Blazer, it was damaged in the front near the tow hook.  Mullins had possession of the vehicle until the day before the robbery, but had not been seen with it since that day.

Near the burned Blazer, officials found the .22 caliber firearm that had been used during the robbery.  Ownership of the firearm was traced to Mullins.

Two days after the robbery, Mullins' employee and mother-in-law both went to a local bank to deposit money given to them by Mullins and his wife.  Bank officials noted the money was damp, had a powdery feel, and possessed a strong smell similar to bleach.  In addition, white portions of the bills were unusually white in appearance and one of the bills had a pinkish tint to it.

Mullins challenges some of the district court's evidentiary rulings. He contends the district court erred in allowing the Government to admit Police Lieutenant David Gaskins' testimony regarding the colors revealed in his analysis of paint chips taken from the burned Blazer. Mullins asserts this testimony should have been excluded or restricted based on the Government's alleged failure to timely disclose Gaskins' testimony. Mullins also contends the district court erred in allowing the Government to admit evidence that Chambers reported his red Blazer had been stolen. He asserts this evidence violated Fed. R. Evid. 404(b)'s exclusion of "other acts" evidence to show conformity therewith.

We review a district court's decision regarding the admission or exclusion of evidence for abuse of discretion. United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996). Such discretion is abused only when a district court has acted "arbitrarily or irrationally." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994) (internal quotation marks and citation omitted). After reviewing the record, the district court's rulings, and the parties' briefs on appeal, we conclude that the district court did not err.

The decision whether to impose a sanction for a violation of Rule 16(a)(1)(G) rests within the district court's discretion. See Fed. R. Crim. P. 16(d)(2); United States v. Hastings, 126 F.3d

310, 317 (4th Cir. 1997).  The sanction of exclusion of testimony, however, "is almost never imposed" absent a constitutional violation or statutory authority for the exclusion.  <u>United States v. Charley</u>, 189 F.3d 1251, 1262 (10th Cir. 1999).  Even when there has been an abuse of discretion under Rule 16, reversal is inappropriate unless the defendant establishes prejudice by demonstrating that it is likely that had the Government complied with the discovery rule (not had the evidence been suppressed), the verdict would have been different.  <u>See</u> <u>United States v. Chastain</u>, 198 F.3d 1338, 1348 (11th Cir. 1999).  Under these principles and in light of the facts presented in this case, we cannot say the district court abused its discretion in allowing the Government to introduce Gaskins' testimony regarding the color of the paint chips.

Mullins contends the district court violated Federal Rule of Evidence 404(b) by admitting evidence that the Chambers reported their Chevy Blazer as being stolen.  Rule 404(b) is an "inclusionary rule" that only bars the admission of "[o]ther crimes, wrongs, or acts" that "tends to prove <u>only</u> criminal disposition."  Fed. R. Evid. 404(b); <u>United States v. Higgs</u>, 353 F.3d 281, 311 (4th Cir. 2003) (emphasis added).  The evidence Mullins challenges here — that Chambers reported his vehicle as stolen — was not direct evidence of any act on Mullins' part.

Instead, it was introduced in the course of describing law enforcement officials' search for the history of the burned Blazer.

To the extent that this evidence indirectly implicated Mullins in a criminal act, it was admissible for permissible purposes under Rule 404(b), including to explain law enforcement officials' conduct, to clarify Mullins' brother-in-law's testimony regarding Mullins' acquisition of the van, to suggest why Mullins was not able to acquire a title and registration to the vehicle, and to show why the vehicle was expendable. Accordingly, the district court did not abuse its discretion in allowing the Government to admit this evidence.

Mullins also asserts that the district court erred by denying his request for a continuance for counsel to prepare for cross-examination of Gaskins. Our review of the district court's decisions leads us to conclude that the court did not abuse its discretion in denying Mullins' motion based on the timeliness of his request, his opportunity to review the paint chips in advance of trial, and other relevant factors. See United States v. Williams, 445 F.3d 724, 738 (4th Cir.) (stating the standard of review), cert. denied, 127 S. Ct. 314 (2006).

Mullins further contends the cumulative effect of the district court's errors during the trial denied him a fair trial. We note that "a cumulative error analysis aggregates only actual

errors to determine their cumulative effect."[*]  See United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990).  Because Mullins has not demonstrated multiple errors, there is nothing to aggregate and the cumulative effect doctrine would not apply.

Lastly, Mullins challenges the sufficiency of the Government's evidence supporting the guilty verdicts.  We review the denial of a Rule 29 motion for a verdict of acquittal de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005).  Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).  We consider both circumstantial and direct evidence, "and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  Furthermore, on appellate review, this court does not review the credibility of the witnesses and it assumes that the jury resolved contradictions in testimony in favor of the Government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

---

[*]A cumulative error analysis "aggregates all the errors that individually have been found to be harmless, and therefore, not reversible, and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless."  Rivera, 900 F.2d at 1470.

We review the district court's decision to deny a Rule 33(a) motion for a new trial for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995). A district court "should exercise its discretion to grant a new trial sparingly, and . . . should do so only when the evidence weighs heavily against the verdict." United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (internal quotation marks omitted). Under this standard, "this Court may not substitute its judgment for that of the district court; rather, we must determine whether the court's exercise of discretion, considering the law and the facts, was arbitrary or capricious." United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001) (internal quotation marks omitted).

With these standards in mind, we have reviewed the record and conclude that the evidence was sufficient to support Mullins' conviction. There was substantial circumstantial evidence tying Mullins to the robbery, including Mullins' connection to the firearm and Blazer used in the robbery, as well as to suspicious money deposited in another bank shortly after the robbery. "The jury [is] entitled to reject the theory consistent with innocence and accept the one consistent with guilt so long as there [is] substantial evidence for its choice." United States v. Garcia, 868 F.2d 114, 116 (4th Cir. 1989). Accordingly, the district court properly denied Mullins' Rule 29 and Rule 33 motions.

For the aforementioned reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED